414 So.2d 599 (1982)
M.V.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AH-346.
District Court of Appeal of Florida, First District.
May 26, 1982.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., Jacksonville, for appellee.
WIGGINTON, Judge.
This is an appeal from the order of the trial court adjudging appellant delinquent, committing him to the Department of Health and Rehabilitative Services, and ordering him to make restitution in the amount of one hundred dollars. We affirm in part and reverse in part.
The trial court did not err in denying appellant's motions for judgment of acquittal. There was sufficient evidence in the record to establish both possession and felonious intent. Accordingly, we affirm the trial court's judgment as to those points.
However, the trial court did err by committing appellant to the Department of Health and Rehabilitative Services for a determinate period of time and in ordering restitution to be made. Section 39.11(3), Florida Statutes (1981) mandates that "[a]ny commitment of a delinquent child to the department shall be for an indeterminate period of time ..." See also R.J.K. v. State, 375 So.2d 871 (Fla. 1st DCA 1979). Additionally, Section 39.11(1)(a) allows for imposition of a penalty in the nature of restitution, but only if the child has been placed in a community control program. Section 39.11(1)(c), allowing for the child's commitment to the department, contains no similar provision.
Consequently, as to those points, we reverse, and remand this cause to the trial court for entry of a commitment order consistent with this opinion and chapter 39.
BOOTH and WENTWORTH, JJ., concur.